### In re MONCLOVA CARE CENTER, INC., Debtor.

United States of America, Appellant,

v.

### John N. Graham, Disbursing Agent for Monclova Care Center, Inc., Appellee.

Bankruptcy No. 93–32226.

Civ No. 3:00–CV–7445.

United States District Court, N.D. Ohio.

March 19, 2001.

*ORDER MODIFYING FINAL JUDGMENT OF BANK-RUPTCY COURT*

CARR, District Judge.

This matter is before the Court on an appeal by the United States of America (Internal Revenue Service) from the Judgment and Memorandum Opinion And Decision of the Bankruptcy Court below, reported as *In re Monclova Care Center, Inc.*, 254 B.R. 167 (Bankr.N.D.Ohio 2000), and the cross-appeal of John N. Graham, Disbursing Agent For Monclova Care Center, Inc. The appeals concern the rights of the United States under the confirmed Chapter 11 plan of the debtor, Monclova Care Center, Inc. This Court has jurisdiction over the appeals pursuant to 28 U.S.C. § 158(a)(1) and Fed.R.Bankr.P. 8001.

The appeal of the United States is upheld and the cross-appeal of John N. Graham, as Disbursing Agent, is denied. The Bankruptcy Court should have fully granted the United States' motion for summary judgment. The Bankruptcy Court's ruling that the United States' entitlement to both postpetition and postconfirmation interest ceased when the plan was "completed" or, in other words, on the "Effective Date" of the plan, is reversed. The United States' secured claims and unsecured priority claims were not impaired by the confirmed Chapter 11 plan and the United States' entitlement to both postpetition and post-confirmation interest did not cease. The claims of the United States shall be paid with all interest due under 26 U.S.C. §§ 6621 and 6622 until the claims are fully paid. The Bankruptcy Court correctly ruled that the United States' secured claims were oversecured and, therefore, it is entitled to interest under 11 U.S.C. § 506(b) as a matter of law. The judgment of the Bankruptcy Court is modified accordingly.

IT IS SO ORDERED: